### NEALE v. BARDUE et al.

### Sac. No. 108; August 3, 1896.

#### 45 Pac. 853.

**Quieting Title—Complaint.—**In an Action to Quiet Title and for other relief, the complaint is sufficient to support a judgment canceling and setting aside a certificate of redemption issued to defendant, where it is alleged that the realty in controversy was never redeemed by anybody from the sale made by the sheriff to plaintiff's grantor, and that defendant was not the successor in interest of the judgment debtor, and not entitled to redeem.

APPEAL from Superior Court, Amador County.

Action by Vincent Neale against W. N. Bardue and others to quiet title and for other relief. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Vincent Neale in pro. per.; Wm. J. Magee and H. V. Morehouse for respondents.

PER CURIAM.—In this case the pleader has attempted by his complaint to set out a combination of causes of action. In his prayer for judgment, he asks to have his title to certain realty quieted; that a certificate of redemption issued by the sheriff to the defendant Bardue be set aside and canceled, and the sheriff issue a deed to him as the successor in interest of the purchaser at the sale; that an injunction issue restraining the further commission of waste; and that a money judgment be decreed in the sum of $5,000. Allegations may be found in the complaint bearing upon all these questions. A general demurrer was sustained to the pleading, upon the ground that it failed to state a cause of action, and plaintiff appeals.

It must be borne in mind that no misjoinder of causes of action or parties defendant is here involved; but the single question presents itself, Does this complaint state any cause of action, however defective, of which a court of equity should take cognizance? Without passing upon the sufficiency of other causes of action attempted to be set out, we think the complaint sufficient to support a judgment canceling and setting aside the certificate of redemption issued to defendant Bardue. There is an allegation that this realty was never redeemed by anybody from the sale made by the sheriff to plaintiff's grantor, and we find a further allegation that defendant was not the successor in interest of the judgment debtor, and not entitled to redeem. Under such circumstances, the plaintiff, standing in the shoes of the purchaser at the sale, is entitled to have the certificate of redemption issued to defendant canceled and annulled. It is claimed by defendant Bardue that plaintiff ratified the redemption by accepting the redemption money. We find nothing in the complaint showing any ratification or estoppel which could be urged against plaintiff as to any matter of redemption. For the foregoing reasons, the judgment is reversed and the cause remanded.